UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETTY MONCION,

                Plaintiff,

-against-

THE CITY OF NEW YORK NYPD, et al.,

                Defendants.

20-CV-8974 (LTS)

ORDER OF DISMISSAL
AND TRANSFER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that, in 2019: (1) officers from the New York City Police Department (NYPD) asked her to leave the S91 bus in Staten Island, and (2) a security guard discriminated against her in the South Ferry Terminal in Manhattan. By order dated April 6, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

For the reasons set forth below, the Court dismisses the claims that arose at the South Ferry Terminal for failure to state a claim and transfers to the United States District Court for the Eastern District of New York the claims that arose on the S91 bus.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

---

[1] On February 11, 2021, Judge Colleen McMahon, to whom this action was then assigned, dismissed the complaint because Plaintiff had not submitted an IFP application. (ECF 4.) After the action was closed, Plaintiff submitted her IFP application. (ECF 6.) Judge McMahon then directed the Clerk of Court to reopen the matter and granted Plaintiff's IFP application.

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff brings this complaint against the City of New York and the NYPD. She alleges that Defendants violated her rights while she was using public transportation in New York City and Staten Island.

The following facts are taken from the complaint: On February 12, 2019, Plaintiff boarded the S91 bus in Staten Island when she was unable to find her MetroCard. She informed the bus driver that she "needed to look for [her] metro card to pay and he nodded." (ECF 1, at 6.) After Plaintiff found her card, she paid her fare. But after paying, "a person who gives summons" ordered Plaintiff off the bus "because [she] didn't pay." (*Id.*) Plaintiff countered that she had paid and offered proof from her 30-day MetroCard. The woman "asked for [Plaintiff's] ID for the ticket she was writing up and [Plaintiff] refused to give it to her because [she had done] nothing wrong." (*Id.*) "[T]hen they called the police from the nearest precinct." (*Id.*) The Court will refer to these events and the claims that arise from them as "Staten Island claims."

On February 17, 2019, Plaintiff "entered the south ferry Manhattan terminal" when a "security guard stop[ped] [her] to check [her] bag." (ECF 1, at 5.) Plaintiff "did not have a problem with it but [she] explained to him that [she took] this ferry every day and no one has ever stopped [her] to check [her] bag." (*Id.*) The guard then "called two police officers, who "told" Plaintiff to allow the guard to check her bag, which she did. (*Id.*) After the guard checked her bag, the officers asked Plaintiff "to leave the terminal or else [she] would be arrested for trespassing." (*Id.*) The Court will refer to these events and the claims that arise from them as "Manhattan claims."

Plaintiff alleges that Defendants "put [her] life in danger and used discrimination that made [her] suffer." (*Id.* at 8.) She seeks money damages.

3

Plaintiff filed a prior complaint in which she raised the Manhattan claims. *See Moncion v. New York City*, ECF 1:20-CV-2346, 2 (S.D.N.Y. May 12, 2021). On April 22, 2020, Judge Louis L. Stanton of this Court granted Plaintiff leave to file an amended complaint to state facts in support of her claims under § 1983. After Plaintiff failed to file an amended complaint, Judge Stanton dismissed the complaint for failure to state a claim. *See id.* (Order dated August 13, 2020, ECF 6).

Eight days later, on August 21, 2021, Plaintiff filed an amended complaint, alleging that the security guard used "racism words" when the guard informed her that she should leave the South Ferry Terminal. *See id.* (ECF 9). On September 1, 2020, Judge Stanton issued an order in which he directed that the action be reopened; in addition, he construed the amended complaint as asserting claims under Title II of the Civil Rights Act of 1964, and granted Plaintiff leave to file a second amended complaint. *See id.* (ECF 10). Plaintiff did not file an amended pleading. On May 12, 2021, Judge Stanton dismissed the amended complaint for failure to state a claim. *See id.* (ECF 11).

## DISCUSSION

**A.     Title II of the Civil Rights Act**

Title II of the Civil Rights Act of 1964 prohibits places of public accommodation that affect interstate commerce from discriminating based on an individual's race, color, religion, or national origin. The statute provides, in relevant part, that:

> [a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a).

In the September 1, 2020 order in *Moncion v. New York City*, Judge Stanton granted Plaintiff leave to file an amended complaint under Title II because she had alleged "that security guards at the [South] Ferry Terminal searched her bag, used "racism" words against her, and told her that she could not board the ferry and had to leave the terminal." *Id.* (ECF 10, at 4). Judge Stanton noted that because Plaintiff had not described her identity or the words used by the security guard, Plaintiff had failed to state a claim that the defendants had violated Title II, and granted Plaintiff leave to file a second amended complaint. As noted above, Plaintiff did not do so.

The Court concludes that Plaintiff has failed to state a claim under Title II because she does not allege any facts suggesting that any defendant discriminated against her based on her race, color, national origin, or religion. As Judge Stanton already provided Plaintiff the opportunity to amend her complaint to state facts in support of her claim under Title II, and Plaintiff declined to do so, the Court declines to grant Plaintiff further leave to amend. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (holding that leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure a complaint's deficiencies).

**B.     Venue**

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2). Plaintiff filed this complaint regarding events occurring in Staten Island, in which she names the City of New York. As the City of New York is subject to personal jurisdiction in this district, venue is proper here under § 1391(b)(1).

Even though venue is proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Staten Island, and the individual who issued Plaintiff a summons is employed there. Staten Island is located in Richmond County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112(a). Venue is therefore proper in the Eastern District of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer Plaintiff's Staten Island claims to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a).

## CONCLUSION

This Court dismisses the Manhattan claims for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and directs the Clerk of Court to transfer the Staten Island claims to the United States District Court for the Eastern District of New York.

The Court further directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. No summonses will issue from this Court. This order closes this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    June 1, 2021
             New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge